UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KENNETH GREGORY THOMPSON, } | |
| TDCJ-CID NO. 428236, } | |
|     Petitioner, } | |
| v. } | CIVIL ACTION NO. H-08-1315 |
| } | |
| BRAD LIVINGSTON, } | |
|     Respondent. } | |

OPINION ON DISMISSAL

Petitioner Kenneth Gregory, a state inmate incarcerated in Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 to challenge the revocation of his parole. (Docket Entry No.1). Because petitioner has failed to exhaust his state court remedies, the Court will dismiss this action.

CLAIMS

Petitioner reports that, on April 8, 1986, he was convicted of credit card abuse in the 228th District Court of Harris County, Texas, in cause number 453279. He was sentenced to ninety years confinement in TDCJ-CID. (Docket Entry No.1). Petitioner does not indicate whether he sought post-judgment relief in the state or federal courts from this conviction.

Petitioner further reports that on August 19, 2005, he was arrested and charged with two counts of theft and one count of attempted theft in Fort Bend County, Texas. (Docket Entry No.2). On January 17, 2007, his parole was revoked. (*Id.*). On February 5, 2007, the theft charges were dismissed. (*Id.*). Petitioner filed a motion to reopen the revocation hearing on February 13, 2007, which was denied on May 31, 2007. (*Id.*). Petitioner returned to TDCJ-CID

1

on February 22, 2007. On August 28, 2007, he was interviewed for parole consideration. He received notice on January 17, 2008 that his request for parole had been denied and his next review would be in January, 2009. (*Id.*). Petitioner does not indicate, and public records do not reflect, that he has filed a state habeas application challenging the revocation of his parole.

Petitioner filed the pending petition on April 30, 2008. He seeks federal habeas relief on the following grounds:

1. He was denied due process at the revocation hearing because the hearing officer and his former parole officer were not neutral and because the hearing officer refused to grant a motion for continuance and to include in her final report any credible evidence that petitioner possessed a firearm; and,

2. He was denied due process because prison authorities failed to provide him a preliminary hearing or revocation hearing for almost eighteen months.

(Docket Entries No.1, No.2).

## ANALYSIS

A habeas petitioner challenging a parole revocation must first exhaust state remedies before he or she may obtain federal habeas corpus relief. *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir. 1998); *see also Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999) (habeas petitioner seeking relief in federal court must give the state courts a fair opportunity to consider his or her claims by filing a procedurally correct appeal or post-conviction challenge). The doctrine of exhaustion, codified as amended at 28 U.S.C. § 2254(b)(1) and (c), reflects a policy of federal/state comity. *Coleman v. Thompson*, 501 U.S. 722 (1991). Those statutes provide in pertinent part as follows:

   (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –

      (A)  the applicant has exhausted the remedies available in the courts of the State; or

      (B)  (i)  there is an absence of available State corrective process; or

          (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.

* * * *

   (c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254 (b) – (c). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins,* 919 F.2d 333, 334 (5th Cir. 1990).

Petitioner's pleadings indicate that he has not properly exhausted his claims in state court. 28 U.S.C. § 2254(b)(1)(A). Nor has petitioner demonstrated that there is no available corrective process in state court or that there are circumstances that render such process ineffective. 28 U.S.C. § 2254(b)(1)(B); *Alexander*, 163 F.3d at 509. Petitioner must first pursue his claims by way of state application for writ of habeas corpus. Only after state habeas corpus proceedings are concluded may he challenge the denial of parole by way of federal petition pursuant to 28 U.S.C. § 2254.

Accordingly, the Court will dismiss the pending petition for failure to exhaust state remedies.[1]

---

[1] The Court notes that petitioner's statement of the procedural history of the revocation proceedings also raises issues with respect to the limitations bar of 28 U.S.C. § 2244(d).

3

CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable. Therefore, a certificate of appealability from this decision will be DENIED.

## CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1. The pending habeas action is DISMISSED WITHOUT PREJUDICE, for failure of the petitioner to exhaust all available remedies on all his claims to the state's highest court of criminal jurisdiction as required by 28 U.S.C. § 2254.

2. All pending motions, if any, are DENIED.

3. A certificate of appealability is DENIED.

The Clerk shall provide a copy of this Order to the parties.

SIGNED at Houston, Texas, this 15th day of May, 2008.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE